Filed 5/11/22  P. v. Romero CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL ANTHONY ROMERO,<br><br>     Defendant and Appellant. | H048882<br>(Monterey County<br>Super. Ct. No. 20CR007548) |

Defendant Michael Anthony Romero pleaded no contest in September 2020 to false imprisonment with violence and misdemeanor false imprisonment.  In February 2021, he was placed on probation for a term of three years.

Defendant initially contended on appeal that the trial court imposed an unauthorized sentence by placing him on probation for three years.  He cited Penal Code section 1203.1, subdivision (a), effective January 1, 2021, which makes the maximum allowable term of probation two years, with certain exceptions.  The Attorney General conceded the point.  We requested supplemental briefing, however, because it appeared from the record that defendant's relationship to the victim made the crime a domestic violence offense, which, as "an offense that includes specific probation lengths within its provisions," is excluded from the two-year probation term limit.  (Pen. Code, § 1203.1, subd. (*l*)(1).)  We asked the parties to address the following questions: (1) Was appellant granted probation for a crime in which the victim is a person defined in Section 6211 of the Family Code?  (See Pen. Code, § 1203.097.); (2) Was appellant granted probation for

a crime that includes specific probation lengths within its provisions?  (See Pen. Code, § 1203.1 subd. (m)(1).)

In response, both parties reversed course.  The Attorney General withdrew the initial concession and argued defendant had indeed been convicted of a domestic violence offense with a specific probation length, so the probation order should be affirmed.  Defendant's appointed counsel moved to withdraw the opening brief and replace it with a brief raising no issues under *People v. Wende* (1979) 25 Cal.3d 436, 440–441.  We granted the motion and filed the substitute brief.  The clerk of this court then mailed a letter to defendant's last known address notifying him of his right to submit written argument on his own behalf.  Defendant has not done so.

We have reviewed the entire record, which reflects defendant's no contest pleas to false imprisonment with violence (Pen. Code, §§ 236, 237, subd. (a)) and misdemeanor false imprisonment (Pen. Code, § 236).  The trial court's order placing defendant on probation for three years includes conditions that he complete a one-year domestic violence counseling program and pay a $500 domestic violence fee.  In light of defendant's concession that he was convicted of a domestic violence offense, our review has not revealed any arguable issue for appeal.  (See *People v. Wende*, *supra*, 25 Cal.3d 436, 440–441; *People v. Kelly* (2006) 40 Cal.4th 106, 110.)

## DISPOSITION

The judgment is affirmed.

2

_____

Grover, Acting P.J.

**WE CONCUR:**

_____

Lie, J.

_____

Wilson, J.

**H048882 - *The People v. Romero***